IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA ANN RUOSS,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:21-cv-232 |
| v. | : | |
| | : | (Judge Rambo) |
| **DR. SENA,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is Defendants' motion to dismiss the amended complaint. For the reasons that follow, the motion will be granted and this case will be dismissed with prejudice.

**I.     Background and Procedural History**

*Pro se* Plaintiff Lisa Ann Ruoss ("Ruoss"), an inmate in the State Correctional Institution-Muncy ("SCI-Muncy") who was incarcerated in that facility at all relevant times, initiated this case through the filing of a civil rights complaint under 42 U.S.C. § 1983 on February 8, 2021. (Doc. No. 1.) In the complaint, Ruoss brought a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment arising from the alleged discontinuance of her medication by Defendant Sena. (*Id.* at 7-10.) The complaint named Sena as a defendant along with the prison's superintendent Wendy Nicholas, the prison's deputy superintendents William Frantz and Nicole McKee, a major in the prison

named Michael Rowe, a psychologist in the prison named Ms. Buck, and a manager in the prison named Mr. Houston. (*Id.* at 1-2.)

Defendants moved to dismiss the complaint through separate motions on June 14, 2021, and July 7, 2021. (Doc. Nos. 31, 34.) The court granted the motions on November 24, 2021, finding that the complaint failed to state a deliberate indifference claim upon which relief could be granted because Ruoss's allegations that she suffered from "mental health diagnoses" and "mental health disorders" were "simply too vague and conclusory to allege a serious medical need." (Doc. No. 49 at 10.) The court similarly found that the complaint failed to allege deliberate indifference because Ruoss appeared to allege "nothing more than disagreements with Sena as to the proper course of treatment." (*Id.* at 11.) Finally, the court found that dismissal was appropriate with respect to Defendants Buck, Frantz, McKee, Nicholas, Rohland, and Rowe because the complaint failed to aver that those defendants were personally involved in the alleged civil rights violations. (*Id.* at 11-12.) The court accordingly dismissed the complaint without prejudice and granted Ruoss leave to file an amended complaint. (*Id.* at 13.)

Ruoss timely filed an amended complaint on December 15, 2021. (Doc. No. 52.) The amended complaint drops Ruoss's claims against Defendants Buck, Frantz, McKee, Nicholas, Rohland, and Rowe and brings a single deliberate indifference claim against Defendants Sena and Houston. (*Id.*) According to the

allegations in the amended complaint, Defendants[1] discontinued Ruoss's medication on March 16, 2020. (*Id.* at 4.) Ruoss alleges that the prescribed medications were for her "mental health care" and that she "cannot function" without the prescribed medications. (*Id.*) Ruoss further alleges that she "suffered mentally several times" because of Defendants "starting and stopping" her medications. (*Id.*) She alleges that she has suffered physical symptoms of withdrawal as a result of being taken off the prescribed medications, which is "not good for [her] body and mind." (*Id.* at 5.)

## II.     Legal Standards

### A.     Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent

---

[1] Because all other defendants have been dismissed, the court will refer to Defendants Sena and Houston as "Defendants" throughout the remainder of the opinion.

dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230

(3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

5

## B.     Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.    Discussion

To state a claim upon which relief may be granted for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and

6

(ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "A serious medical need exists where 'failure to treat can be expected to lead to substantial and unnecessary suffering,' and a doctor has diagnosed the condition, or the need for treatment would be obvious to a lay person." *Dooley v. Wetzel*, 957 F.3d 366, 374 (2020) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

Having reviewed the amended complaint, the court will dismiss it for failure to state a claim upon which relief may be granted because the amended complaint suffers from the same pleading defects as Ruoss's original complaint. Ruoss's allegations that her prescribed medications were necessary for her "mental health care" and that she "cannot function" without the prescribed medications are simply too vague and conclusory to allege a serious medical need. Similarly, Ruoss's claims of deliberate indifference appear to be nothing more than disagreements with Sena as to the proper course of treatment, which is not sufficient to state a claim for deliberate indifference to a serious medical need. *See Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (noting that "mere disagreement as to the proper medical treatment" does not support a claim for violation of the Eighth Amendment). Dismissal of the amended complaint is

therefore appropriate given Ruoss's failure to allege a serious medical need or deliberate indifference to that need.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  Here, the court will not grant Ruoss further leave to amend.  Ruoss has had multiple opportunities to state a claim upon which relief may be granted against the Defendants and has twice failed to allege the existence of a serious medical need or deliberate indifference to that need.  Given this repeated failure to state a claim upon which relief may be granted, the court finds that further amendment would be futile.

### IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 54) will be granted and this case will be dismissed with prejudice.  An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: July 20, 2022